PIERCE COX v. STATE.

No. A-283.   Opinion Filed November 23, 1910.

1.   **TRIAL—Demurrer to Evidence—Directing Verdict.** Under sec. 6848, Snyder's Comp. L. Okla., a demurrer to the evidence or a motion to direct a verdict of not guilty cannot be entertained in a criminal case, if there is any evidence whatever tending to prove the essential elements of the crime charged.

2.   **LARCENY—Evidence—Sufficiency.** Evidence examined and held to warrant a conviction for larceny.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; A. T. West, Judge.*

Pierce Cox was convicted of larceny, and he appeals. Affirmed.

*James H. Gernert,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen., for the State.

RICHARDSON, JUDGE.   The first and third assignments of error herein go to the trial court's action in overruling plaintiff in error's demurrer to the evidence, which was put in after the state had closed its case in chief; and also the court's action in overruling a subsequent motion to direct a verdict of acquittal. The court committed no error in this respect. Section 6848 of Snyder's Comp. Laws of Okla. provides:

"If, at any time after the evidence on either side is closed, the court deem it insufficient to warrant a conviction, it may advise the jury to acquit the defendant. But the jury are not bound by the advice, nor can the court, for any cause, prevent the jury from giving a verdict."

Under this statute a demurrer to the evidence or a motion to direct an acquittal cannot be entertained in a criminal case, if there is any evidence whatever tending to prove the essential elements of the crime charged. The jury are made the sole judges of the facts, and they cannot be prevented by the court's order from rendering the verdict which they deem just and proper un-

der the evidence in the case. The most the court can do for the defendant in this respect is to advise the jury to acquit; he should exercise great caution in the use even of this power, and in all cases where the court deems it proper to give such advice, he should inform the jury that they are the sole judges of the facts proven, and are not bound by the advice given.

The next assignment of error is that the verdict and judgment were contrary to the evidence.

The larceny alleged was of four hogs belonging to one I. G. Hall. Hall testified to his ownership of the hogs, and the fact that they were missing; he described them, swore that they were worth in the aggregate the sum of $31.00, and that he had sold them to no one and had given no person permission to take them or kill them. A. L. Kimberly testified that on the night of the alleged larceny he saw plaintiff in error, together with Solomon McCoy and Robert Kemp, with four hogs in a pen at Miles Jackson's place. They had killed and were cleaning one of the hogs, and the other three, which tallied with Hall's description of the hogs he lost, had not then been killed. The witness testified that he went within 30 feet of where they were cleaning the hog; that he knew Hall's hogs, and from the flesh marks his best judgment was that these were Hall's. He further testified that while he was watching these parties Roland Williams rode up; that as soon as the three saw him they scattered back as if in alarm, but presently reassembled and continued their work, and Williams dismounted and went into the pen.

Kemp, McCoy and plaintiff in error all testified that they killed four hogs at that place that night, but that they thought the hogs belonged to Roland Williams; that Williams requested them to assist in the killing, and subsequently sold them a part of the meat. They testified that Williams cut the heads off the hogs and burned them. It was shown that Roland Williams lived about a mile and a half from where the hogs were killed. It was not shown that he owned any hogs. Why the hogs were killed at night, why they were killed at Miles Jackson's place and not at Roland Williams'

place, why the heads were cut off and burned, and why plaintiff in error and his associates were in such trepidation when Williams rode up, was not explained. It is insisted that the evidence did not show that the hogs in question were Hall's hogs. We think the evidence sufficiently showed that fact, and upon the whole was sufficient to warrant a conviction. No other assignments of error have been made or presented, and the judgment of the district court will be affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.